■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM STEWART, Appellant, v SUPERINTENDENT OF OSSINING CORRECTIONAL FACILITY, Respondent. — Appeal from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered December 22, 1980, dismissed as moot, without costs or disbursements. Petitioner was discharged from custody prior to the hearing of this appeal. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.

## (June 28, 1982)

■ LUIGI AIELLO et al., Respondents, v GEOFFREY J. SADDOCK et al., Appellants. — In a negligence action arising out of a motor vehicle accident, to recover damages for personal injuries sustained by Luigi Aiello and to recover damages for loss of services sustained by plaintiff Josephine Aiello, the defendants appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), dated May 7, 1981, which granted plaintiffs' motion for leave to serve an amended complaint so as to aver causes of action (1) by plaintiff Josephine Aiello to recover damages for personal injuries sustained in the same accident and (2) by plaintiff Luigi Aiello to recover damages for loss of services. Order reversed, on the law, with $50 costs and disbursements, and plaintiffs' motion is denied. In the original complaint the cause of action asserted for and on behalf of the plaintiff Josephine Aiello was a derivative action for loss of services of her husband Luigi Aiello. CPLR 203 (subd [e]) provides: "Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Since the original complaint did not give notice that Josephine Aiello was a passenger in the Aiello vehicle or that she sustained serious injuries as a result of the negligence of the defendants, the owner and operator of the offending vehicle, the alleged claim for personal injuries sustained by Josephine Aiello is time barred and may not be deemed to have been interposed against the defendants at the time the action was commenced (see *Ward v Marino,* 64 Misc 2d 44, affd 37 AD2d 698). Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.