■ THE NORTH FORK BANK & TRUST COMPANY, Appellant, v CARDIFF ROSE ENTERPRISES, INC., et al., Respondents. — In an action to recover damages for breach of a retail installment contract and security agreement, plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated November 18, 1982, which denied its motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Order reversed, on the law, with one bill of costs, motion granted, plaintiff is awarded the principal sum of $15,565.49,

and the matter is remitted to Special Term for entry of an appropriate judgment.

A review of the document in question, the retail installment contract and security agreement, would seem to indicate that the items necessary to make it an instrument for the payment of money only are present. The contract includes (1) an assignment of the agreement to North Fork Bank & Trust Co., (2) a promise to pay 144 equal monthly installments of $817.50 starting on November 10, 1980, (3) the purchase price of the boat, (4) the amount of the cash down payment, (5) a provision for attorney's fees, (6) a repossession clause and an acceleration clause, and (7) signatures of the parties. "The most cogent analysis of the standard to be applied in ascertaining whether an instrument qualifies for CPLR 3213 treatment was enunciated in *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, affd 29 NY2d 617, *supra*) wherein it was stated that if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument" (*Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; see, also, *Council Commerce Corp. v Paschalides,* 92 AD2d 579).

Accelerated treatment under CPLR 3213 is permitted where liability is predicated upon the terms of the written agreement plus proof of nonpayment. Such treatment will be denied when the document sued upon sets forth something more than a simple promise to pay (*Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19). In the case at bar, there is a written agreement indicating the terms of payment and there is a sufficient allegation of nonpayment which is not denied by the parties and is in fact admitted to by defendant Myles G. Megdal. Since the defendants have failed to come forward and raise an issue as to a defense to the instrument, the plaintiff is entitled to summary judgment. Gibbons, J. P., Bracken, Rubin and Eiber, JJ., concur.