■ MARINE MIDLAND BANK, N. A., Appellant, v SIMPSON EDSON, INC., et al., Respondents.—In an action to recover on a

promissory note, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), entered July 31, 1985, as denied that branch of its motion which was for summary judgment.

Order reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment granted, the defendants' counterclaims are dismissed, and the plaintiff is awarded judgment against the defendants in the principal sum of $58,143.82 and matter remitted to the Supreme Court, Suffolk County, for a determination of the amount of attorney's fees to be awarded, and the entry of an appropriate judgment.

In this action upon a corporate note and personal guarantee, the defendants raised, *inter alia,* a defense and counterclaim alleging breach of contract by the plaintiff for failure to extend a promised line of credit to the corporate defendant in the amount of $150,000. In response to the plaintiff's motion for summary judgment, the defendants sought to amend their counterclaim to allege fraud in the inducement, notwithstanding that the defendants had not refused to make initial payments to reduce the debt on this basis. The proposed counterclaim added an allegation that the plaintiff never intended to keep its promise of extending the $150,000 line of credit, and that the defendant George Pellegrino, Jr., relied upon the false promise when executing the corporate note and his personal guarantee.

Special Term denied the plaintiff summary judgment, based upon the amended counterclaim and the defendant Pellegrino's (hereinafter the defendant) affidavit in opposition. We reverse, and find, as a matter of law, that the defendant's evidence was insufficient to establish reliance on the alleged promise and, therefore, was insufficient to defeat the plaintiff's motion.

Initially, we note that the defendant's guarantee, executed on January 6, 1981, states that the defendant "guarantees to Bank * * * the prompt and unconditional payment of any and every obligation and liability" of the corporate defendant. It also recites: "This guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment, without regard to the validity, regularity or enforceability of any of [the corporate defendant's] Obligations or purported Obligations". It is, of course, well settled that the parol evidence rule would preclude the defendant from contradicting the plain language of the guarantee by alleging oral conditions in a

breach of contract action. Thus, based upon the defendant's original counterclaim, the plaintiff would have been entitled to summary judgment. However, for the purpose of this appeal, we deem the counterclaim amended, and address the sufficiency of the defendant's new allegations, for the parol evidence rule does not bar parol evidence where fraud in the inducement is alleged (see, Braten v Bankers Trust Co., 60 NY2d 155, 161).

Although oral proof may be admitted to show that a written agreement was obtained through fraud in the inducement, we find that the defendant's evidence was insufficient to raise a triable issue of fact (cf. Citibank v Plapinger, 66 NY2d 90, 93-94).

In an affidavit in opposition, the defendant claimed that in December 1980 he consulted with Michael Gaeto of the plaintiff bank with respect to a line of credit for the corporate defendant, and that "[a]t that time Mr. Gaeto promised me a line of credit of at least $150,000". This bald allegation is the foundation of the defendant's claim of fraud in the inducement. The plaintiff, in reply, asserted that the bank's records were silent with regard to any such promise, but it failed to produce an affidavit from Gaeto or to explain its failure to do so. In the absence of such an answering affidavit, we address the defendant's allegation (cf. Citibank v Plapinger, supra). As previously noted, the defendant executed the guarantee in January of 1981. In his affidavit, the defendant makes contradictory statements. He claims that his attempts to obtain the promised line of credit "proved fruitless", but also claims that "[t]he guaranty and note * * * were executed by [him] with the express understanding that [he] would receive the line of credit originally agreed to" (emphasis supplied). The note was not executed until October 1983, almost three years after the alleged promise, and after the defendant's "fruitless efforts".

As a matter of law, the defendant cannot establish reliance on the alleged 1980 promise. His own statements establish that his efforts after 1980 to obtain the "promised" line of credit were unsuccessful. When he executed the corporate note in October 1983, thus obligating himself under the guarantee which he claims he was fraudulently induced to make three years earlier, he was no longer entitled to rely on the alleged promise in light of the plaintiff's refusals to extend the credit sought. Thus, the defendant is unable to establish reliance, a necessary element of fraud in the inducement (see, e.g., Brown v Lockwood, 76 AD2d 721, 730). Accordingly, we find that his evidence failed to raise a triable issue of fact (cf.

*Citibank v Plapinger, supra).* Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.