■ HALLAWAY PROPERTIES, INC., et al., Respondents-Appellants, v BANK OF NEW YORK, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed, without costs, in accordance with the following memorandum: We conclude that defendant is entitled to summary judgment dismissing each of the four causes of action asserted in plaintiffs' amended complaint.

The first cause of action asserts that defendant breached a purported oral agreement to release 10 acres of land from the lien of its mortgage at some time in the future. Assuming, arguendo, that such oral agreement was made, it is clear that it is governed by the Statute of Frauds (see, General Obligations Law § 5-703 [1]; *Sleeth v Sampson,* 237 NY 69, 72-73) and therefore is unenforceable because it is not in writing (see, *Leone v Johnson,* 99 AD2d 567). We reject plaintiffs' contention that three writings, considered together, are sufficient to satisfy the Statute of Frauds and constitute a written contract to release the 10 acres from the lien of the mortgage. Moreover, we find no merit to plaintiffs' claim that defendant should be estopped from asserting the defense of Statute of Frauds (see, *Buddman Distribs. v Labatt Importers,* 91 AD2d 838, 839). Further, the parol evidence rule precludes consideration of the alleged oral representations made by defendant's attorney at the closing (see, *Braten v Bankers Trust Co.,* 60 NY2d 155, *rearg denied* 61 NY2d 670; *see also, Marine Midland Bank v Simpson Edson, Inc.,* 120 AD2d 709, 711). In view of our determination that the first cause of action must be dismissed because the Statute of Frauds bars its enforcement, we do not address defendant's contention that the parties entered into a subsequent written agreement which, in any event, superseded the alleged oral agreement.

The second cause of action predicated upon defendant's alleged breach of the parties' escrow agreement must also be dismissed. The terms of the mortgage provided, in part, that "the whole of the principal sum and interest secured hereby shall become due at the option of the Mortgagee upon any default hereunder". Accordingly, because plaintiff Largo defaulted in making the required mortgage interest payments prior to May 1, 1983, defendant properly refused to pay Largo the balance of the loan proceeds in the sum of $50,000. Further, defendant asserts, and plaintiffs do not refute, that Largo was required to pay interest only on the moneys actually advanced from the loan proceeds. Moreover, "where one party refuses to abide by the contract, and that refusal is not justified by the actions of the other party, the other party does not have a duty to continue his performance under that contract" (*Royce v Rymkevitch,* 29 AD2d 1029, 1030; *see also, 805 Third Ave. Co. v. M.W. Realty Assocs.,* 58 NY2d 447, 451-453).

Plaintiffs' third cause of action for conversion must also be dismissed. The alleged conversion occurred on November 30, 1983. The cause of action was first asserted in plaintiffs'

amended complaint dated March 10, 1987. Contrary to plaintiffs' contention, the original complaint did "not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]). Accordingly, the third cause of action alleging conversion of funds is time barred (see, CPLR 214 [3]; Aiello v Saddock, 88 AD2d 984).

The fourth cause of action which alleges fraudulent misrepresentation must also be dismissed. Plaintiffs have not asserted that the alleged oral misrepresentations were made with the intention of nonperformance. "[T]here is no fraud if the promise is made in good faith without any intention of nonperformance at the time of its making, even though the promisor subsequently changes his mind and fails or refuses to perform" (60 NY Jur 2d, Fraud and Deceit, § 44; see, Boylan v Morrow Co., 63 NY2d 616, 619; Manufacturers & Traders Trust Co. v Cottrell, 71 AD2d 538, 543). In addition, the facts constituting the wrong are not alleged with the specificity and particularity required by CPLR 3016 (b) (see, Lotz v Lotz, 135 AD2d 1007, 1008, appeal dismissed 71 NY2d 1012). (Appeals from order of Supreme Court, Monroe County, Mastrella, J.— summary judgment.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.