■ RICHARD BASCIANO, Doing Business as 4 KEYS LEASING AND MAINTENANCE Co., Appellant, v TOYET REALTY CORP. et al., Respondents.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered January 29, 1990, which granted respondents' cross motion for summary judgment in the interests of justice and equity only to the extent of ordering petitioner to pay to respondent Toyet Realty Corp. $174,334.63, plus interest, additional interest, and a late charge, and which denied petitioner relief seeking to establish the judgment total at a lesser amount, unanimously affirmed, without costs.

Petitioner purchased real property from respondents on December 22, 1983 and executed a mortgage note (Note) and purchase-money mortgage (Mortgage) to respondents. The Note bore interest at 10% per annum and provided for monthly installments in the sum of $3,964.60. The Note further provided that the unpaid principal balance and any accrued interest would be due and payable on January 1, 1989

and that the parties expressly waived presentment for payment, notice of dishonor, protest and notice of protest. Both the Mortgage and Note provided that they could not be changed or terminated without a writing. A rider to the Mortgage provided that if the unpaid principal balance was not paid in full when due, interest would accrue thereon at 2% per month, that if any payment was overdue for a period in excess of 10 days, a late charge of $.06 for each dollar so overdue would become due and payable as liquidated damages for failure to make prompt payment, and provided for attorney's fees of $2,500 if foreclosure were necessary.

After January 1, 1989, the date of "maturity", petitioner continued to make installment payments until June 1989, when respondents demanded payment by petitioner of the past-due Mortgage balance together with additional interest and late charges.

Petitioner instituted this action to establish the balance due on the Mortgage. Petitioner urged, *inter alia,* that by accepting the monthly installment payments for six months past the date of maturity of the Mortgage, respondents waived their right and were estopped from collecting the additional interest and liquidated damages provided for in the rider to the Mortgage.

Holding that there was no duty of respondents to seek payment of the balance of the Note since the Note itself makes it clear that the date of maturity was January 1, 1989 and that notice of presentment was waived, the IAS court determined that respondents were entitled to the extra interest and late charges for that period. The court noted that petitioner's reasons for waiver and estoppel, that he "believed the respondents wanted to waive full payment" on January 1, 1989 because respondents were receiving a good rate of return on their investment and there was a possibility that a future change in the tax law would be advantageous to respondents, were "subjective and cannot create the sought for waiver."

We find that the acceptance of the additional monthly installments by respondents thereof did not modify the express terms of the Mortgage so as to effect the waiver of Toyet's right to additional interest payments and late charges. There was no intentional relinquishment by respondent of its known rights. *(See, City of New York v State of New York,* 40 NY2d 659, 669.) Indeed, without valid proof that the terms of the Mortgage were changed, or proof that any consideration has been paid for the alleged modification, no such modification can be

inferred from the mere tender and acceptance of additional payments. *(See, United States Trust Co. v Martindale Real Estate Co.,* 221 NY 677.)

Respondents had no duty to speak and there is no evidence of a deceptive silence by respondents. *(See, Lord Constr. Co. v Edison Portland Cement Co.,* 234 NY 411, 416.) Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.