■ FIRST INTERSTATE CREDIT ALLIANCE, INC., Respondent, v ABRAHAM SOKOL et al., Appellants

Plaintiff commenced this action to recover the balance due under an equipment lease between plaintiff's assignor and defendant Abraham Sokol which lease was guaranteed by defendant Robyn Sokol. The action was commenced by service of a summons and notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Plaintiff submitted a copy of the lease and guarantee. Defendants contended that the equipment was never received and thus the lease never commenced. In reply, plaintiff submitted a copy of a delivery and acceptance receipt and invoice. Further three payments had actually been made under the lease. The court finding no issues of fact, granted the motion.

The guarantee is clearly an instrument for the payment of money only upon which a motion pursuant to CPLR 3213 may be brought (*Rhodia, Inc. v Steel*, 32 AD2d 753) and we find that the equipment lease meets the requirement of such an instrument under the facts set forth in *Seaman-Andwall Corp.*

*v Wright Mach. Corp.* (31 AD2d 136, *affd* 29 NY2d 617; *see also, North Fork Bank & Trust Co. v Cardiff Rose Enters.,* 104 AD2d 932). The existence of various clauses contained in a contractual agreement in addition to the unconditional promise to pay money does not necessarily disqualify the agreement as an instrument for the payment of money only *(Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686).

Plaintiff established a prima facie case by proof of the existence and genuineness of the instrument and the failure to make payments thereunder *(Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 23). The affidavit submitted based upon documentary evidence was sufficient to comply with the requirement that a motion for summary judgment be supported by an affidavit from a person having personal knowledge *(Comptroller of State of N. Y. v Gards Realty Corp.,* 68 AD2d 186, 188-189). Further, the affidavits herein were from a corporate officer who averred to the genuineness and authenticity of the documentary evidence. The unsubstantiated allegations and assertions raised by defendants were insufficient to withstand the motion *(see, Kornfeld v NRX Technologies, supra,* at 773). As no genuine issue of fact was raised, the court properly granted the motion for summary judgment. Concur—Murphy, P. J., Ellerin, Wallach and Smith, JJ.