■ VILLAGE BANK, Respondent, v WILD OAKS HOLDING, INC., et al., Appellants. [601 NYS2d 940] —In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered January 28, 1993, which (1) granted the plaintiff's motion for summary judgment, (2) denied their cross motion for, *inter alia,* leave to amend their answer to assert various additional affirmative defenses, counterclaims, and third-party claims, and (3) denied their motion to, *inter alia,* terminate the receivership established by a previous order of the same court.

Ordered that the order is affirmed; and it is further,

Ordered that the stay granted by decision and order of this Court dated June 8, 1993, is vacated forthwith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default *(Metropolitan Distrib. Servs. v DiLascio,* 176 AD2d 312; *Marton Assocs. v Vitale,* 172 AD2d 501). When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to his default *(Metropolitan Distrib. Servs. v DiLascio, supra; Marton Assocs. v Vitale, supra).*

Upon our examination of the record, we agree with the Supreme Court that the appellants' unsubstantiated, conclusory allegations concerning, *inter alia,* a personal guaranty regarding repayment of the loan in the event of a default by Wild Oaks Holding, Inc. (hereinafter Wild Oaks), were insufficient to have created a triable issue of fact with respect to the foreclosure of the mortgage *(see, Barclays Bank v Sokol,* 128

AD2d 492; *see also, City of New York v Grosfeld Realty Co.,* 173 AD2d 436).

Moreover, we find that the Supreme Court did not improvidently exercise its discretion when it denied the appellants' cross motion for leave to amend and supplement the answer, pursuant to CPLR 3025 (b), by asserting numerous affirmative defenses and/or counterclaims against the Village Bank and various third-party claims against the receiver and a bank official sounding in tort and breach of contract arising out of the appellants' efforts to sell the property in question subsequent to Wild Oaks' default on the loan. When a motion for summary judgment is granted, a cross motion to amend the answer is academic when that cross motion seeks a determination that could not have any practical effect on the existing controversy *(see, Lighting Horizons v Kahn & Co.,* 120 AD2d 648). In the present case, the proposed amended answer included numerous counterclaims and third-party claims, the outcome of which would have had no effect on the foreclosure action *(see, First N. Mtge. Corp. v Yatrakis,* 154 AD2d 433, 434).

We have examined the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.