■ FGH REALTY CREDIT CORP., Formerly Known as FRIESCH-GRONINGSCHE HYPOTHEEKBANK REALTY CREDIT CORPORATION, Appellant, v VRD REALTY CORP. et al., Respondents, et al., Defendants. [647 NYS2d 229] —In an action to foreclose a mortgage on real property, the plaintiff appeals from an order

of the Supreme Court, Suffolk County (Gerard, J.), dated November 17, 1995, which denied those branches of its motion which were for summary judgment against the defendants VRD Realty Corp. and Vincent R. DeAngelis and to appoint a Referee to compute the amount due to it.

Ordered that the order is reversed, on the law, with costs, those branches of the motion which were for summary judgment against the defendants VRD Realty Corp. and Vincent R. DeAngelis and to appoint a Referee to compute the amount due to the plaintiff are granted, and the matter is remitted to the Supreme Court, Suffolk County, to appoint a Referee to compute the amount due to the plaintiff and to determine that branch of the motion which was for leave to enter a default judgment against the defendants Nassau Suffolk Lumber & Supply Corporation and the People of the State of New York.

The plaintiff moved for summary judgment against the defendants VRD Realty Corp. and Vincent R. DeAngelis, to appoint a Referee to compute the amount due to it, and for leave to enter a default judgment against the defendants Nassau Suffolk Lumber & Supply Corporation and the People of the State of New York. In its order dated November 17, 1995, the Supreme Court denied those branches of the plaintiff's motion which were for summary judgment against the defendants VRD Realty Corp. and Vincent R. DeAngelis and to appoint a Referee to compute the amount due to the plaintiff, but failed to determine that branch of the motion which was for leave to enter a default judgment against the defendants Nassau Suffolk Lumber & Supply Corporation and the People of the State of New York. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, to determine that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Nassau Suffolk Lumber & Supply Corporation and the People of the State of New York (see, Katz v Katz, 68 AD2d 536).

In April 1990 the defendant VRD Realty Corp. (hereinafter VRD) executed a promissory note and a mortgage on real property in favor of the plaintiff. By its terms, the mortgage could only be modified in an agreement in writing signed by the party to be charged with the modification. VRD defaulted in July 1994.

The plaintiff established its prima facie entitlement to foreclosure as a matter of law by submitting evidence of the execution of the note and mortgage and VRD's failure to make payment in accordance with its terms (see, Great W. Bank v Terio, 200 AD2d 607; First Natl. Bank v J. & J. Milano, 160 AD2d

670). Although VRD contends that the plaintiff should be estopped from foreclosing the mortgage based on an alleged oral agreement to reduce the interest rate on the debt, there is a mortgage provision barring oral modifications (see, General Obligations Law § 15-301 [1]) and correspondence indicating that the agreement would not be binding until it was reduced to writing. Because VRD failed to raise a triable issue of fact, the plaintiff's motion for summary judgment should have been granted (see, Zuckerman v City of New York, 49 NY2d 557, 562).

The respondents' remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.