■ Federal Home Loan Mortgage Corp., Respondent, v Khristos Karastathis, Appellant, et al., Defendants. [655

NYS2d 631] —In an action to foreclose a mortgage on real property, the defendant Khristos Karastathis appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 15, 1996, as granted the plaintiff's motion for summary judgment against him and for the appointment of a Referee to compute the amount due and, in effect, denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 14, 1988, the appellant executed a note and mortgage on real property in favor of Olympian Mortgage Group, Inc., which subsequently assigned the mortgage to the plaintiff. The appellant defaulted on his payments on May 1, 1994, and failed to cure the default thereafter, despite numerous opportunities to cure the default.

" 'It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default * * * When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to [the] default' " (DiNardo v Patcam Serv. Sta., 228 AD2d 543, quoting Village Bank v Wild Oaks Holding, 196 AD2d 812). Accordingly, since the plaintiff submitted the note and mortgage and evidence of the appellant's failure to make payment in accordance with their terms, the plaintiff established its prima facie entitlement to a judgment of foreclosure as a matter of law (see, FGH Realty Credit Corp. v VRD Realty Corp., 231 AD2d 489). Further, since the appellant failed to raise a triable issue of fact as to any defense, the Supreme Court properly granted the plaintiff's motion (see, DiNardo v Patcam Serv. Sta., supra; FGH Realty Credit Corp. v VRD Realty Corp., supra).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.