■ BANK OF BOSTON (CONNECTICUT), Appellant, v REYNOLD A. MAURO et al., Respondents, et al., Defendants. [666 NYS2d 14] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 26, 1996, which denied its motion for summary judgment and for dismissal of the affirmative defenses asserted by the respondents Reynold Mauro and Janet Mauro.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the respondents' affirmative defenses are dismissed.

"It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a

matter of law through the production of the mortgage, the unpaid note, and evidence of default * * * When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to his default" (*Village Bank v Wild Oaks Holding,* 196 AD2d 812; *see also, DiNardo v Patcam Serv. Sta.,* 228 AD2d 543). The plaintiff met its burden by submitting evidence of the execution of the note and mortgage and the respondents' failure to make payment in accordance with its terms (*see, FGH Realty Credit Corp. v VRD Realty Corp.,* 231 AD2d 489). The respondents' submission of payment coupons which were dated beyond the maturity date of the loan does not raise an issue of fact regarding whether the parties mutually agreed to extend the term of the loan, since these coupons do not satisfy the Statute of Frauds (*see,* General Obligations Law § 5-701 [a] [1]; § 5-1103). Modification of the mortgage cannot be inferred from the mere tender and acceptance of additional payments (*see, Basciano v Toyet Realty Corp.,* 167 AD2d 203). No triable issue of fact is presented by any of the other defenses interposed in the respondents' answer. Bracken, J. P., Joy and Altman, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: In opposition to the plaintiff's motion for summary judgment, the defendant Reynold A. Mauro, in an affidavit, stated that the plaintiff's predecessor in interest, Berkeley Federal Savings and Loan, had agreed to extend the term of the mortgage from December 15, 1993, up to and including August 15, 1995, and provided regular monthly payment coupons for 1994 and 1995 which were attached to the affidavit as an exhibit. Mr. Mauro further stated that in the summer of 1994, he was advised that the mortgage had been assigned to the Bank of Boston and was being serviced by LSI Financial, an agent of the plaintiff, which additionally provided regular monthly payment coupons through September 15, 1998. According to Mr. Mauro, payments pursuant to these monthly coupons were forwarded to the plaintiff through December 1994, and were never formally rejected, although the plaintiff stopped negotiating the checks sometime in 1994 without notifying the mortgagors.

Although modification of the mortgage could not be inferred from the mere tender and acceptance of additional payments (*see, Basciano v Toyet Realty Corp.,* 167 AD2d 203), in this case payments were made pursuant to mortgage coupons from both Berkeley Federal Savings and Loan and the agent of the plaintiff as its successor in interest. Thus, it appears that the

payments were made "unequivocally referable" to the coupons, and to the terms of an extension agreement (*see, Sarcona v De-Giaimo,* 226 AD2d 1143; *see also, Anostario v Vicinanzo,* 59 NY2d 662). Therefore, there is at least an issue of fact as to whether the equitable doctrine of part performance is applicable here to remove an oral extension agreement from the operation of the Statute of Frauds.

It cannot be determined on this record that there was no consideration for the alleged modification agreement. Indeed, the defendants Reynold and Janet Mauro allege that the principal sum of the debt was increased on December 15, 1993, from $54,592.65 to $59,175.40.

Accordingly, summary judgment was properly denied.