■ MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v REBECCA OVADIA ENTERPRISES, INC., Appellant, et al., Defendants. [665 NYS2d 594] —In an action, *inter alia,* to foreclose a mortgage, the defendant Rebecca Ovadia Enterprises, Inc., appeals from (1) an order of the Supreme Court, Queens County (Price, J.), dated March 19, 1997, which, *inter alia,* granted the plaintiff's motion for summary judgment as against the appellant, and (2) an order of the same court, dated May 14, 1997, which denied its motion for reargument.

Ordered that the appeal for the order dated May 14, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 19, 1997, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

"It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and the evidence of default * * *. When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to [its] default" (*Village Bank v Wild Oaks Holding,* 196 AD2d 812).

The plaintiff has demonstrated its entitlement to judgment in its favor as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). In response, the appellant has failed to proffer any evidence to show the existence of a triable issue of fact. Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.