■ STATE OF NEW YORK MORTGAGE AGENCY, Respondent, v PATRICIA LANG et al., Defendants, and MARTIN K. LANG, Appellant. [672 NYS2d 745] —In an action to foreclose a mortgage on real property, the defendant Martin K. Lang appeals from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated January 31, 1997, which, *inter alia,* granted the plaintiff's motion for, among other things, summary judgment, and (2) an order and judgment (one paper) of the same court, dated September 25, 1997, which, *inter alia,* directed the sale of the subject premises. The notice of appeal from the order dated January 31, 1997, is deemed to also be a notice of appeal from the order and judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

" 'It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default * * * When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to [the] default' " (*DiNardo v Patcam Serv. Sta.,* 228 AD2d 543, quoting *Village Bank v Wild Oaks Holding,* 196 AD2d 812). Accordingly, since the plaintiff submitted the note and mortgage and evidence of the appellant's failure to make payment in accordance with their terms, the plaintiff established its prima facie entitlement to a judgment of foreclosure as a matter of law (*see, FGH Realty Credit Corp. v VRD Realty Corp.,* 231

AD2d 489, 490). Further, since the appellant failed to raise a triable issue of fact as to any defense, the Supreme Court properly granted the plaintiff's motion (*see, DiNardo v Patcam Serv. Sta., supra*).

The appellant's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.