■ REPUBLIC NATIONAL BANK OF NEW YORK, Respondent, v MARIE ZITO et al., Appellants, et al., Defendants. [721 NYS2d 244] —In an action to foreclose a mortgage, the defendants Marie Zito and Betty Noto appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 20, 1999, as granted the plaintiff's motion, *inter alia,* for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

It is well established that a party moving for summary judg-

ment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557). Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr., supra; Rentz v Modell,* 262 AD2d 545; *Raia Indus. v Young,* 124 AD2d 722). It is also well settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and the evidence of default (*see, Federal Home Loan Mtge. Corp. v Karastathis,* 237 AD2d 558, 559; *DiNardo v Patcam Serv. Sta.,* 228 AD2d 543; *Wasserman v Harriman,* 234 AD2d 596; *Village Bank v Wild Oaks Holding,* 196 AD2d 812).

Although the plaintiff submitted proof that the defendants executed a mortgage on their property, the plaintiff did not produce proof that they executed an underlying debt instrument, that is, an alleged home equity line of credit. Having failed to produce proof of an unpaid note, the plaintiff was not entitled to summary judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr., supra*). Accordingly, the Supreme Court erred in granting the plaintiff's motion, *inter alia*, for summary judgment. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.