■ REPUBLIC NATIONAL BANK OF NEW YORK, Respondent, v BRIAN P. O'KANE, Appellant, et al., Defendants. [764 NYS2d 635] —In a mortgage foreclosure action, the defendant Brian P. O'Kane appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Lally, J.), entered November 27, 2001, which, inter alia, upon a prior order of the same court entered January 12, 2001, granting the plaintiff's motion for summary judgment, and a prior order of the same court entered May 21, 2001, denying the defendant's motion for leave to reargue, and upon the referee's report, granted the plaintiff's motion for a judgment of foreclosure and sale.

Ordered that the order and judgment is affirmed, with costs.

"It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (Village Bank v Wild Oaks Holding, 196 AD2d 812 [1993]; see also Federal Home Loan Mtge. Corp. v Karastathis, 237 AD2d 558 [1997]; DiNardo v Patcam Serv. Sta., 228 AD2d 543 [1996]). The plaintiff produced the note and mortgage executed by the appellant, as well as evidence of nonpayment. Accordingly, it was incumbent upon the appellant to produce evidentiary proof in admissible form sufficient to require a trial of his defenses (see State Bank of Albany v Fioravanti, 51 NY2d 638, 647 [1980]; FGH. Realty Credit Corp. v VRD Realty Corp., 231 AD2d 489, 490 [1996]). The appellant failed to do so. Therefore, the Supreme Court properly granted summary judgment to the plaintiff and, thereafter, the motion for a judgment of foreclosure and sale.

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.