■ MARIE MEYER, Respondent, v BARBARA LA BARBERA, Appellant. [826 NYS2d 653]—

In an action to recover on an instrument for the payment of money only brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 9, 2005, which granted the plaintiff's motion for summary judgment pursuant to CPLR 3213, and (2) a judgment of the same court dated December 14, 2005, which, upon the order, is in favor of the plaintiff and against her in the principal sum of $91,198.32. The defendant's notice of appeal from the order is deemed to also be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The parties entered into an agreement pursuant to which, inter alia, the defendant agreed to purchase the plaintiff's 55% membership interest in a company. The parties agreed that a promissory note would be executed to evidence the defendant's indebtedness for part of the purchase price. The plaintiff alleges that the defendant defaulted in her payments under the promissory note. However, in support of her motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff produced the agreement but failed to either produce the promissory note (see Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 154-156 [1975]; cf. Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, 137 [1968], affd 29 NY2d 617 [1971]; cf. Republic Natl. Bank of N.Y. v Zito, 280 AD2d 657, 658 [2001]), or to provide any explanation for its absence (cf. Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]). The absence of a promissory note does not necessarily render an agreement outside the purview of CPLR 3213 (see e.g. Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp., 187 AD2d 634 [1992]; European Am. Bank v Lofrese, 182 AD2d

67, 72 [1992]; *First Interstate Credit Alliance v Sokol*, 179 AD2d 583 [1992]; *North Fork Bank & Trust Co. v Cardiff Rose Enters.*, 104 AD2d 932, 933 [1984]). Under these circumstances, however, where the agreement clearly contemplated the execution of a promissory note and did not otherwise contain an express covenant by the defendant to pay, the plaintiff failed to make out a prima facie case showing her entitlement to a judgment in her favor by proof of existence of the note and proof of nonpayment according to its terms.

Since the plaintiff failed to sustain her prima facie entitlement to summary judgment, the burden never shifted to the defendant and it was not necessary to consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Thus, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Ritter, J.P., Goldstein, Spolzino and Skelos, JJ., concur.