(October 9, 2007)

■ AAMES FUNDING CORPORATION, Respondent, v LEONARD W. HOUSTON et al., Appellants, et al., Defendants. [843 NYS2d 660]—

In an action to foreclose a mortgage, the defendants Leonard W. Houston and Lucille Houston separately appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), dated July 26, 2006, which, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale based upon, among other things, a prior order of the same court dated May 11, 2005, inter alia, granting the plaintiff's motion for summary judgment, and (2) a judgment of foreclosure and sale of the same court entered August 15, 2006.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

"[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482, 482 [2003]; *see Village Bank v Wild Oaks Holding*, 196 AD2d 812 [1993]). The plaintiff produced the note and mortgage executed by the defendant Leonard W. Houston (hereinafter Houston) as well as evidence of Houston's nonpayment. Accordingly, it was incumbent upon Houston and the defendant Lucille Houston (hereinafter the defendants), who holds title to the subject premises with Houston, to produce evidentiary proof in admissible form sufficient to require a trial of their defenses (*see State Bank of Albany v Fioravanti*, 51 NY2d 638, 647 [1980]; *Federal Home Loan Mtge. Corp. v Karastathis*, 237 AD2d 558 [1997]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812 [1993]). The defendants failed to do so. Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment and its subsequent motion for a judgment of foreclosure and sale.

The defendants' remaining contentions are without merit. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.