■ EASTERN SAVINGS BANK, FSB, Respondent, v SAYEH SASSOUNI et al., Appellants, et al., Defendant. [892 NYS2d 421]—

The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Wells Fargo Bank, N.A. v Webster,* 61 AD3d 856 [2009]; *Aames Funding Corp. v Houston,* 44 AD3d 692, 693 [2007]; *Republic Natl. Bank of N.Y. v O'Kane,* 308 AD2d 482 [2003]; *Village Bank v Wild Oaks Holding,* 196 AD2d 812 [1993]). Accordingly, it was incumbent on the appellants to produce evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact as to a bona fide defense (*see State Bank of Albany v Fioravanti,* 51 NY2d 638, 647 [1980]; *Wells Fargo Bank, N.A. v Webster,* 61 AD3d at 856; *Aames Funding Corp. v Houston,* 44 AD3d at 693;

*Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d at 482; *Village Bank v Wild Oaks Holding*, 196 AD2d at 812). The appellants failed to raise a triable issue of fact concerning their fraud defense, and evidence of an alleged oral modification of the applicable interest rate which contradicts an express term of the note is barred by the parol evidence rule (*see Siegel v Competition Imports*, 296 AD2d 540, 542 [2002]; *Marine Midland Bank v Simpson Edson, Inc.*, 120 AD2d 709, 711 [1986]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint.

The appellants' remaining contentions are either without merit or not properly before this Court. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.