■ KAREN L. DOMBROWSKI et al., Respondents, v METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY et al., Appellants, et al., Defendant. [908 NYS2d 357]—

In an action, inter alia, to recover damages for sex discrimination, the defendants Metropolitan Property and Casualty Insurance Company and Larry Devaney appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 14, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating, among other things, that the plaintiffs were independent contractors engaged to sell insurance products pursuant to an agency agreement which was eventually terminated, in accordance with its termination clause, for legitimate, nondiscriminatory reasons (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Scott v Massachusetts Mut. Life Ins. Co.*, 86 NY2d 429, 434 [1995]; *DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562, 562 [2008]; *Hutchinson v New York City Tr. Auth.*, 309 AD2d 901, 901 [2003]; *Lavergne v Burden*, 244 AD2d 203 [1997]; *Sone v Tsumura*, 222 AD2d 231, 232 [1995]; *Mehtani v New York Life Ins. Co.*, 145 AD2d 90, 93 [1989]).

In opposition, the plaintiffs failed to raise a triable issue of fact, and "failed to show that facts essential to justify opposition may exist upon further discovery" (*Vidal v Tsitsiashvili*, 297 AD2d 638, 638 [2002]; *see Auerbach v Bennett*, 47 NY2d 619, 636 [1979]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]; *Mazzaferro v Barterama Corp.*, 218 AD2d 643 [1995]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.