■ VALLEY NATIONAL BANK, Respondent, v MOSES DEUTSCH et al., Appellants, et al., Defendants. [930 NYS2d 477]—

In July 2009, the plaintiff commenced this action against, among others, the defendants Moses Deutsch, Judith Deutsch, and David Deutsch (hereinafter collectively the defendants) to foreclose a mortgage on property owned by Moses Deutsch and Judith Deutsch. In an order dated February 9, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due to it. We affirm.

"[I]n moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and the evidence of default" (*Republic Natl. Bank of N.Y. v Zito*, 280 AD2d 657, 658 [2001]; *see Rossrock Fund II, L.P. v Osborne*, 82 AD3d 737 [2011]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812, 812 [1993]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and an affidavit of its employee attesting to the defendants' default (*see Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *EMC Mtge. Corp. v Riverdale Assoc.*, 291 AD2d 370 [2002]).

In opposition, the defendants failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]; *Cochran Inv. Co., Inc. v Jackson*, 38 AD3d 704, 705 [2007]). The defendants contend that they have a limited ability to read and comprehend the English language and did not understand the documents they were signing. However, the defendants, who attended the closing along with David Deutsch's counsel, failed to show that they made any reasonable effort to have the documents read to them (*see Golden Stone Trading, Inc. v Wayne Electro Sys., Inc.*, 67 AD3d 731, 733 [2009]; *Sofio v Hughes*, 162 AD2d 518, 520 [1990]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due to it. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.