SEAWAY CAPITAL CORP., Respondent, v 500 STERLING REALTY CORP., Appellant, et al., Defendants. [941 NYS2d 871]—

In an action to foreclose a mortgage, the defendant 500 Sterling Realty Corp. appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Kramer, J.), dated September 17, 2009, as granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint insofar as asserted against it, and to strike its answer, and (2) so much of an order of the same court dated January 8, 2010, as granted the plaintiff's motion to extend the time to serve a copy of the order dated September 17, 2009, upon it, and (3) so much of an order of the same court entered November 9, 2010, as denied its motion for leave to renew its opposition to that branch of the plaintiff's motion which was, in effect, for summary judgment on the complaint insofar as asserted against it.

Ordered that the appeal from the order dated January 8, 2010, is dismissed as abandoned; and it is further,

Ordered that the order dated September 17, 2009, and the order entered November 9, 2010, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established its prima facie entitlement to judgment as a matter of law against the defendant 500 Sterling Realty Corp. (hereinafter 500 Sterling) by submitting proof of the existence of the mortgage and note made by and executed on behalf of 500 Sterling, certain forbearance agreements, and the default of 500 Sterling (*see HSBC Bank USA, NA v Schwartz*, 88 AD3d 961 [2011]; *Valley Natl. Bank v Deutsch*, 88 AD3d 691 [2011]; *Inland Mtge. Capital Corp. v Realty Equities NM, LLC*, 71 AD3d 1089 [2010]; *JP Morgan Chase Bank, N.A. v Agnello*, 62 AD3d 662, 663 [2009]). In opposition, 500 Sterling failed to raise a triable issue of fact (*see Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264 [1977]; *Hellas Fos, Inc. v Russo*, 84 AD3d 1166 [2011]; *Phillips v Isaiah Owens Funeral Serv., Inc.*, 69 AD3d 822 [2010]). Contrary to 500 Sterling's contention, an award of summary judgment was not premature, as 500

Sterling failed to demonstrate that further discovery would lead to additional relevant evidence (*see* CPLR 3212 [f]; *McFadyen Consulting Group, Inc. v Puritan's Pride, Inc.*, 87 AD3d 620, 621 [2011]; *Dombrowski v Metropolitan Prop. & Cas. Ins. Co.*, 77 AD3d 608 [2010]; *Shectman v Wilson*, 68 AD3d 848, 850 [2009]; *JP Morgan Chase Bank, N.A. v Agnello*, 62 AD3d at 663). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the complaint insofar as asserted against 500 Sterling.

Since 500 Sterling raises no argument in its brief with respect to its appeal from the order dated January 8, 2010, the appeal from that order must be dismissed as abandoned (*see Lutwin v Perelman*, 76 AD3d 958, 960 [2010]; *Chu v Pan*, 72 AD3d 866 [2010]; *Cambry v Lincoln Gardens*, 50 AD3d 1081, 1084 [2008]).

500 Sterling's contention regarding the acknowledgments of certain signatures on the mortgage and related documents is raised improperly for the first time on appeal. 500 Sterling's remaining contentions concerning its motion for leave to renew its opposition to the plaintiff's motion for summary judgment on the complaint are without merit. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.