Order, Supreme Court, New York County (Lucy Billings, J.), entered February 9, 2012, which, to the extent appealed from, denied respondent 1141 Realty LLC’s cross motion to dismiss Born to Build’s petition based on the documentary evidence, unanimously reversed, on the law, without costs, the cross motion granted, and the petition dismissed. The Clerk is directed to enter judgment accordingly.
*426 Petitioner failed to raise an issue of fact as to the authenticity of the operating agreement, and the motion to dismiss should have been granted. The affidavits at issue here do little more than assert that the affiants were told by Ibrahim Saleh, a former manager of 1141 Realty, that he was actually an owner, and the petition makes assertions premised only upon information and belief. Both the affidavits and the assertions are contradicted by the operating agreement (Gould v McBride, 36 AD2d 706, 706-707 [1st Dept 1971], affd 29 NY2d 768 [1971] [“Where, as here, the cause of action is based on documentary evidence, the authenticity of which is not disputed, a general denial, without more, will not suffice to raise an issue of fact”]; see also First Interstate Credit Alliance v Sokol, 179 AD2d 583, 584 [1st Dept 1992] [where there were “affidavits . . . from a corporate officer who averred to the genuineness and authenticity of the documentary evidence^) (t)he unsubstantiated allegations and assertions raised by defendants were insufficient to withstand the motion”]).
Moreover here, petitioner itself submitted evidence that there were no documents in Ibrahim’s name because he used other people’s names to conceal his holdings. This being an action for dissolution, and not one for fraud, these assertions are insufficient to raise questions of fact as to the authenticity of the operating agreement.
We have considered the parties’ remaining arguments and find them unavailing.
Concur—Friedman, J.P, Sweeny, Renwick, Richter and Román, JJ.