People's United Bank, N.A. v MSI Entertainment, LLC (2019 NY Slip Op 04211)





People's United Bank, N.A. v MSI Entertainment, LLC


2019 NY Slip Op 04211


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-09507
 (Index No. 610948/16)

[*1]People's United Bank, National Association, etc., appellant,
v
MSI Entertainment, LLC, et al., respondents.


Jaspan Schlesinger LLP, Garden City, NY (Antonia M. Donohue and Christopher Palmieri of counsel), for appellant.
Chesney & Nicholas, LLP, Syosset, NY (Stephen V. Morello of counsel), for respondents.



DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated July 6, 2017. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount owed on the promissory note.
In this action, the plaintiff seeks to recover money pursuant to a promissory note executed in its favor by the defendant MSI Entertainment, LLC (hereinafter MSI). "To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the promissory note and the affidavit of its vice president asserting that MSI failed to repay the loan in accordance with the terms of the note (see Lugli v Johnston, 78 AD3d 1133, 1135).
In opposition, the defendants failed to raise a triable issue of fact with respect to a bona fide defense. Contrary to the defendants' contention, the promissory note was not unconscionable (see Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171). Nor did the plaintiff's continued acceptance of interest payments after its demand for repayment affect the plaintiff's entitlement to summary judgment (see Millers Wood Dev. Corp. v HSBC Bank USA, 300 AD2d 1015, 1016; Basciano v Toyet Realty Corp., 167 AD2d 203, 204-205).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint.
Although the plaintiff is entitled to summary judgment on the complaint, the amount that is still owed under the promissory note is not capable of being ascertained on this record. Therefore, a hearing is needed to determine the amount owed on the note.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court