Bethpage Fed. Credit Union v Bouzaglou (2020 NY Slip Op 03081)





Bethpage Fed. Credit Union v Bouzaglou


2020 NY Slip Op 03081


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


651540/16 11576A 11576

[*1]Bethpage Federal Credit Union, as successor by merger to Montauk Credit Union, Plaintiff-Respondent,
v
Paula Bouzaglou, et al., Defendants-Appellants.


Cobert Haber & Haber LLP, Garden City (Eugene Haber of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City (Victoria R. Gionesi of counsel), for respondent.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 25, 2018, in favor of plaintiff and against defendants, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 27, 2018, which granted plaintiff's motion to amend the caption and for summary judgment on its breach of contract claims and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to recover the unpaid balances of eight loans made to defendant Paula Bouzaglou individually and guaranteed by the eight LLC defendants.
The motion court properly amended the caption to reflect plaintiff's successorship by merger to the entity that issued the subject loans (see CPLR 1018; Banking Law § 602[4]).
Plaintiff established its prima facie case by submitting proof of the existence of the loans and nonpayment thereof (see First Interstate Credit Alliance v Sokol , 179 AD2d 583, 584 [1st Dept 1992]). The affidavit based upon documentary evidence is sufficient to comply with the requirement of personal knowledge (see id. ; Barclay's Bank of N.Y. v Smitty's Ranch , 122 AD2d 323, 324 [3d Dept 1986]).
Defendants failed to raise any issues of fact in opposition.
The motion court providently exercised its discretion in rejecting defendants' argument based on CPLR 3212(f). Although defendants purport to require discovery from a third party, that entity is defendants' own agent, and defendants neither explained
why they were unable to obtain such information sooner nor outlined any efforts made to obtain it.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK