■ DAVID MENDELSOHN, Appellant-Respondent, v. PHIL LEVINE, Respondent-Appellant.— In an action to recover contract damages and for the balance of the reasonable value of a transferred chose in action: (1) plaintiff appeals: (a) from so much of an order of the Supreme Court, Nassau County, entered May 12, 1965 upon reargument modifying a prior order of said court, entered January 28, 1965, as denied plaintiff leave to serve an amended complaint containing an alternative cause of action for recovery of the balance of the reasonable value of the transferred chose in action; and (b) from said prior order; and (2) defendant cross-appeals from the May 12, 1965 order insofar as it permits plaintiff to serve an amended complaint based on a partially executed contract of sale. Appeal from order entered January 28, 1965 dismissed, without costs; that order was superseded by the later order of May 12, 1965 granting reargument. Order of May 12, 1965 modified by: (1) striking out the decretal paragraph granting leave to serve an amended complaint based on the contract, as partially executed; and (2) by substituting therefor a paragraph sustaining the third cause of action as pleaded in the amended complaint, based on recovery of the balance of the reasonable value of the transferred chose in action. As so modified, the order, insofar as appealed from by the respective parties, affirmed, without costs. Defendant's time to answer is extended until 20 days after entry of the order hereon. The alleged contract called for defendant to pay plaintiff $150 per week for four years in return for the latter's transfer to the former of his exclusive territorial sales franchise. The transfer was made in January, 1963 and payments were made for the year 1963; when they ceased, this action was commenced. The exceptions from the operation of the Statute of Frauds contained in section 85-a of the Personal Property Law, here applicable, would be helpful to this plaintiff under his contract causes, had only a sale of property been involved. His contract causes, however, are unenforcible under an equally applicable provision of the Statute of Frauds governing contracts not to be performed within one year (Personal Property Law, § 31, subd. 1). *Taylor Co.* v. *Fansteel Prods. Co.* (234 App. Div. 548, affd. 261 N. Y. 514) stands as cogent authority barring plaintiff from pursuing any cause based on contract under these circumstances. We note incidentally that no writing sufficient to satisfy the Statute of Frauds has been produced, nor has the failure to produce one been explained by plaintiff; this is required to defeat a motion to dismiss based on the Statute of Frauds (see *Webb & Knapp* v. *United Cigar-Whelan Stores Corp.*, 276 App. Div. 583). Since plaintiff has transferred to defendant his property rights in the territorial franchise and since he alleges that he has not received full value therefor, he is entitled to plead a cause of action to recover the balance of the reasonable value of the transferred property right (*Taylor Co.* v. *Fansteel Prods. Co., supra*; see, also, *Harmon* v. *Peats Co.*, 243 N. Y. 473; *Day* v. *New York Cent. R. R. Co.*, 51 N. Y. 583). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.