■ AKEMI SONE, Individually and on Behalf of IMEKA NEW YORK CO., INC., Appellant, v MOTOHIKO TSUMURA et al., Respondents. [634 NYS2d 689] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 16, 1995, which granted defendants' motion to dismiss the entire complaint and granted plaintiff's cross-motion for leave to amend the complaint to the extent of permitting an amended complaint by Imeka New York encompassing only the written breach of contract claims raised in the 7th, 8th, 9th and 24th causes of action of the dismissed complaint, and omitting defendant Tsumura & Company's name from the caption, unanimously affirmed, without costs.

Initially, we note that while plaintiff is correct that a motion to dismiss which is directed to the entire complaint must be denied if one cause of action is valid (*Gambar Enters. v Kelly Servs.*, 69 AD2d 297, 305; *Gro-Up Frocks v Manners*, 55 AD2d 531, 532), even a cursory review of defendants' motion herein reveals that each particular cause of action was addressed individually by defendant and ruled upon by the court. Further, the IAS Court did not improperly convert the motion to dismiss to one for summary judgment by refusing to allow plaintiff to replead certain causes of action as it is well established that leave to amend should not be granted where the proposed pleading is insufficient to set forth a legal claim as a matter of law (*Lambert v Williams*, 218 AD2d 618, 621; *Bank Leumi Trust Co. v D'Evori Intl.*, 163 AD2d 26, 28).

As to the merits, we agree with the IAS Court that the written contract claims must be brought by Imeka New York, a signatory to the contracts, and that plaintiff should be permitted to amend the complaint to reflect that these claims are brought by the corporation. Plaintiff Sone was not a signatory to the contracts, nor has she set forth the prerequisites of a derivative action pursuant to Business Corporation Law § 626. Nor is there any basis for claims against Tsumura & Company as plaintiff has merely demonstrated that a parent-subsidiary relationship exists between Tsumura & Company and Tsumura International Inc. ("TII"). There is insufficient connection between Tsumura & Company and any New York activity involved in the instant claims to warrant assertion of personal jurisdiction over Tsumura & Company. Nor is there adequate evidence that Tsumura & Company exercises such control over TII that Tsumura & Company should be a party to this action (*see, Porter v LSB Indus.*, 192 AD2d 205, 213).

The majority of the other claims in the complaint sound in one form of tort or another but basically restate the contract causes of action. The fraud causes of action merely consist of allegations of breaches of representations with respect to performance of the contracts sued upon and are not actionable. These claims fail to allege that defendants had a present intent not to carry out promises when they made the representations (*see, Boylan v Morrow Co.*, 63 NY2d 616, 619). The sexual discrimination claim by plaintiff Sone was properly dismissed since Executive Law § 296 (1) (a) only applies to discrimination against employees (*see, Mehtani v New York Life Ins. Co.*, 145 AD2d 90, 93, *lv denied and dismissed* 74 NY2d 835). None of the defendants were Sone's employer. At best, Sone was an independent contractor for defendants (*supra*). As to the claim for intentional infliction of emotional distress, the required elements of such a claim were not properly pleaded (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303), and, in any event, the claim is barred by the applicable one year Statute of Limitations (*see*, CPLR 215). Although several of the causes of action are based upon an alleged relationship of trust between plaintiffs and defendants, there is no indicia of such a relationship in the purely commercial setting of this action.

Finally, since the alleged oral agreements could not be performed within one year, they violate the Statute of Frauds (*Mendelsohn v Levine*, 24 AD2d 1007).

We have considered plaintiffs' other claims and find them to be meritless. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.