**Jerry KRIM, Plaintiff,**

v.

**PRONET, INC., Jackie R. Kimzey, David J. Vucina, Max D. Hopper, Harvey B. Cash, and Edward E. Jungerman, Defendants.**

**C.A. No. 15873.**

Court of Chancery of Delaware,
New Castle County.

Submitted: June 16, 1999.
Decided: Sept. 14, 1999.

---

84. *Grace [v. State,* Del.Supr., 682 A.2d 626 (1996), Order at ¶ 7].

Irving Morris of Morris and Morris, Wilmington, Delaware; of counsel: Law Firm of Harvey Greenfield, New York, New York, for Plaintiffs.

James L. Holzman and Ronald A. Brown, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Delaware; of counsel: Charles W. Schwartz of Vinson & Elkins, Houston, Texas, for Defendants.

### OPINION

STEELE, V.C.

In his Amended Complaint ("Complaint"), shareholder Jerry Krim ("Plaintiff") alleges that the directors of ProNet, Inc. ("ProNet") breached their fiduciary duty by failing to secure a higher exchange ratio for ProNet shares in a merger with MetroCall Inc. ("MetroCall"), and by placing their personal interests above the interests of ProNet stockholders during the negotiations with MetroCall. Later, in his Answering Brief to Defendant's Motion to Dismiss, plaintiff also alleges that the defendant directors breached their duty of disclosure, a subset of the duty of loyalty, by failing to discuss in proxy materials whether or not ProNet had engaged in merger discussions with any companies besides MetroCall, and by failing to include the details of any such discussions if they occurred.

Defendants seek dismissal of all claims and a stay of discovery pending my decision on their Motion to Dismiss. Specifically, defendants argue that plaintiff's contention that the terms of the merger were unfair fails to state a claim, and that plaintiff's conflict of interest allegations are groundless as the interests of the director defendants did not conflict with the interests of the ProNet stockholders. Defendants add that plaintiff failed to plead the disclosure claim in his Complaint, and imply that I should therefore not entertain it.

Alternatively, defendants argue that even if I choose to examine plaintiff's disclosure claim, I should deem it "totally meritless" as plaintiff offers no current factual support for the claim, and merely intends to engage in a "fishing expedition" by conducting discovery to find support for a baseless contention.

I have considered the parties' positions and examined the Complaint, and the Joint Statement/Prospectus, dated November 7, 1997 ("the Proxy Statement"). I am convinced that:

(a) the defendant directors did not breach their fiduciary duties in effecting and recommending the merger with MetroCall;

(b) Delaware law does not mandate an auction or shopping of ProNet;

(c) neither the vesting of defendant directors' stock options upon consummation of a merger nor the fact that several ProNet directors would retain seats on the board of the merged entity created a conflict between the interests of the defendant directors and the interests of the ProNet stockholders; and

(d) plaintiff's speculative disclosure claim concerning the existence, or lack thereof, of merger discussions with third parties does not save plaintiff's complaint where plaintiff pleads no facts regarding other suitors; and, the failure to support the claim with relevant facts relegates plaintiff's disclosure claim to a mere attempt to seek additional discovery in hopes of uncovering facts that would prove helpful in crafting a new cause of action.

Therefore, the complaint fails to state a claim and should be and therefore is dismissed.

### I. LEGAL STANDARD

In evaluating Defendants' Motion to Dismiss, I assume the truthfulness of all well-pleaded, nonconclusory allegations found in the Complaint and extend the benefit of all reasonable inferences that can be drawn from the pleading to the

non-movant, plaintiff.[1] To dismiss a claim, I must find that plaintiff has either utterly failed to plead facts supporting an element of the claim [2] or that under no reasonable interpretation of the facts alleged in the Complaint (including reasonable inferences) could plaintiff state a claim for which relief might be granted.[3] Notwithstanding Delaware's permissive pleading standard, I am free to disregard mere conclusory allegations made without specific allegations of fact to support them.[4]

With this standard in mind, I examine plaintiff's allegations that defendant directors breached their duty of care by failing to secure a higher exchange ratio and to conduct an auction, breached their duty of loyalty by placing personal interests ahead of stockholders' interests, and breached their duty of disclosure by omitting material facts from the Proxy Statement.

## II. BACKGROUND

### A. Facts

On August 12, 1997, ProNet and MetroCall announced a stock-for-stock merger. Plaintiff filed this lawsuit the following day. Defendants moved to dismiss the plaintiff's original complaint arguing plaintiff failed to state a claim.

On November 7, 1997, ProNet mailed the Proxy Statement to its stockholders in connection with a special meeting to be held on December 17, 1997 to vote on the merger. Plaintiff filed an amended class action complaint, moved for expedited discovery, and sought to have the case set down for a hearing on a preliminary injunction to enjoin the stockholders meeting. I denied both of plaintiff's requests.[5] At the December 17, 1997 meeting, ProNet stockholders voted overwhelmingly in favor of the merger with MetroCall. The merger was consummated on December 30, 1997.

### B. Contentions of the Parties

Plaintiff alleges in this shareholder class action that defendant directors breached their duties of care and loyalty by approving, and recommending that ProNet shareholders approve, the merger of ProNet into MetroCall with each ProNet shareholder receiving 0.90 shares of MetroCall for each share of ProNet. The purported breach of the duty of care focuses on the exchange ratio. Plaintiff contends a better ratio could have been achieved. The purported breach of the duty of loyalty centers on options held by defendant directors that vested upon merger of ProNet, which plaintiff alleges created a "substantial conflict," and that the merger would allow defendant directors "to preserve their positions of prestige and continue to enrich themselves as directors of the merged entity." Plaintiff also alleges that proxy statements delivered to ProNet shareholders omitted material information concerning ProNet's merger negotiations, if any, with third party suitors prior to recommendation of the merger with Metrocall.

1. *Loudon v. Archer–Daniels–Midland Co.*, Del. Supr., 700 A.2d 135, 140 (1997).

2. *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv. of Cincinnati, Inc.*, Del.Ch., C.A. No. 13389, mem. op., 1996 WL 506906, at *2, Chandler, V.C. (Sept. 3, 1996), 1996 Del.Ch. Lexis 116, at *6 ("when the non-moving party has the ultimate burden of proof on its claims, this Court may grant summary judgment if the moving party can demonstrate a complete failure of proof on an essential element of a claim.") [1996 WL 506906, at *2, 1996 Del.Ch. Lexis 116, at *4]

3. *Delaware State Troopers Lodge v. O'Rourke*, Del.Ch., 403 A.2d 1109, 1110 (1979) ("A complaint should not be dismissed upon such a motion unless it appears to a certainty that under no set of facts which could be proved to support the claim would the plaintiff be entitled to relief.")

4. *Wolf v. Assaf*, Del.Ch., C.A. No. 15339, mem. op., 1998 WL 326662, at *1, Steele, V.C. (June 16, 1998), 1998 Del.Ch. Lexis 101, at *3–4.

5. *Krim v. ProNet, Inc.*, Del.Ch., C.A. No. 15873, Steele, V.C. (Dec. 5, 1997) (Bench Ruling), Tr. At 45–47.

## III. PLAINTIFF'S CLAIMS

 Generally, plaintiff's claims will be considered with the following well established principles in mind. Delaware courts make a rebuttal presumption that directors are informed and act in good faith.[6] Delaware law also requires that once a change of control of a company is inevitable the board must assume the role of an auctioneer in order to maximize shareholder value.[7] This duty, however, does not apply to stock-for-stock strategic mergers of publicly traded companies, a majority of the stock of which is dispersed in the market.[8]

 Directors also have a duty of loyalty, and accordingly, can not place their interests above the interests of the stockholders.[9] Finally, to state a claim for breach by omission of the duty of disclosure, plaintiff must plead facts identifying (1) material (2) reasonably available (3) information that (4) was omitted from proxy materials.[10] Failure to plead facts showing any one of the above elements would make plaintiff's complaint susceptible to a motion to dismiss.[11]

### A. Breach of duty of care claim

 The business judgment rule generally protects the actions of directors, affording them the presumption directors act on an informed basis and in the honest belief they acted in the best interest of the corporation.[12] To overcome the presumption of the business judgment rule, the burden is on the plaintiff to show the defendant directors failed to act (1) in good faith, (2) in the honest belief that the action taken was in the best interest of the company or (3) on an informed basis.[13] In the present case, I find plaintiff has failed to demonstrate any reason why the presumption of the business judgment rule should not be afforded the defendant directors. The only allegation made by plaintiff which I can interpret as an attempt to overcome the presumption of the business judgment rule is the ProNet directors' alleged conflict of interest, which I will discuss below.

 Plaintiff argues the defendant directors had a duty to implement "a bidding mechanism to foster a fair auction of ProNet to the highest bidder or the exploration of strategic alternatives which will return greater or equivalent value to the plaintiff and the class." I find the latter part of this claim legally baseless as the defendant directors may avail themselves of the benefit of the business judgment rule, as discussed above, regarding their decision to recommend the terms of the merger with MetroCall. The former part of the claim is clearly an attempt by plaintiff to hold the defendant directors to the auctioneer duties articulated in *Revlon Inc. v. MacAndrews & Forbes Holdings, Inc.* ("*Revlon* duties"). In *Revlon*, the Delaware Supreme Court declared that a board must assume the role of auctioneer

6. *Aronson v. Lewis*, Del.Supr., 473 A.2d 805, 812 (1984).

7. *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, Del.Supr., 506 A.2d 173, 182 (1985).

8. *Arnold v. Society for Savings Bancorp, Inc.*, Del.Supr., 650 A.2d 1270, 1289–90 (1994); *Paramount Communications, Inc. v. Time, Inc.*, Del.Supr., 571 A.2d 1140, 1150 (1989); see also *Paramount Communications, Inc. v. QVC Network, Inc.*, Del.Supr., 637 A.2d 34, 47 (1994).

9. *Guth v. Loft, Inc.*, Del.Supr., 23 Del.Ch. 255, 5 A.2d 503 (1939).

10. *Wolf, supra*, Del.Ch., C.A. No. 15339, mem. op., 1998 WL 326662, at *1, Steele, V.C. (June 16, 1998), 1998 Del.Ch. Lexis 101, at *4–5.

11. *Cincinnati Bell, supra*, Del.Ch., C.A. No. 13389, mem. op., 1996 WL 506906, at *17, Chandler, V.C. (Sept. 3, 1996), 1996 Del.Ch. LEXIS 116, at *27–28.

12. *Aronson*, 473 A.2d at 812.

13. *Id.*

once a takeover becomes inevitable.[14] The Court, however, later clarified this duty by holding *Revlon* duties are *not* triggered when ownership remains with the public shareholders and no change of control results.[15] Since the public shareholders retained control after the MetroCall—ProNet merger, I find *Revlon* duties do not apply and that the defendant directors did not breach their duty of care by failing to hold an auction or otherwise engaging in "shopping" of ProNet.

### B. Breach of duty of loyalty claim

■ Defendant directors disclosed in the Proxy Statement that their options would vest and some ProNet directors would retain board seats in the merged entity. Plaintiff makes no allegation of any undisclosed conflict. I note neither the vesting of the options nor the fact some ProNet directors retained board seats in the merged entity created a "substantial conflict" as plaintiff claims.[16] Accordingly, I find ProNet's stockholders had the benefit of complete disclosure of any potential conflicts when they voted overwhelmingly to approve the merger with MetroCall. Therefore, defendant directors neither breached their duty of loyalty nor any duty of disclosure in this regard.

### C. Breach of duty of disclosure claim

Plaintiff did not raise his claim of breach of the duty of disclosure by omission in his original or amended complaint; he waited until his Answering Brief to the Defendant's Motion to Dismiss to do so. Notwithstanding plaintiff's belated assertion of the disclosure claim, and subtle urging from the defendants to do otherwise, I will very briefly examine the substance of plaintiff's disclosure claim.

■ Corporate fiduciaries, including corporate directors, majority stockholders, and presumably minority controlling stockholders, have a duty to disclose all material facts when seeking stockholder action.[17] Material facts are those facts for which "there is a substantial likelihood that a reasonable person would consider them important in deciding how to vote." [18] Corporate fiduciaries can breach their duty of disclosure in several ways—by making a materially false statement, by omitting a material fact, or by making a materially misleading partial disclosure.[19] Krim alleges that the defendant directors' failure to confirm or deny that discussions took place with suitors besides MetroCall and failure to provide details if such discussions did occur constituted an omission of material facts.

■ Plaintiff offers only conclusory allegations about other "discussions or negotiations," and fails to plead any specific facts regarding potential suitors besides MetroCall.[20] Moreover, even if such "discussions or negotiations" did exist, they

---

14. *Id.* at 182.

15. *Paramount Communications, Inc. v. Time, Inc.,* Del.Supr., 571 A.2d at 1150 (1989).

16. The vesting of options does not create a conflict as a high exchange ratio for ProNet shares benefits the option-holding directors as much as, if not more than, the regular stockholders. Further, the fact that several directors would retain board membership in the merged entity does not, standing alone, create a conflict of interest. *See Grobow v. Perot,* Del.Ch., 526 A.2d 914, 921–24 (1987) (discussing plaintiff's allegations of directors' interest in "self-perpetuation in office").

17. *Malone v. Brincat,* Del.Supr., 722 A.2d 5, 11 & n. 21 (1998).

18. *Rosenblatt v. Getty Oil Co.,* Del.Supr., 493 A.2d 929, 944 (1985).

19. *In re Walt Disney Co. Derivative Litig.,* Del. Ch., 731 A.2d 342, 376 (1998).

20. Plaintiff also failed to plead causation and identify actual quantifiable damages as is required if plaintiff seeks more than nominal damages. *O'Reilly v. Transworld Healthcare Inc.,* Del.Ch., C.A. No. 16507, mem. op. at 23, 1999 WL 693166, Steele, V.C. (August 20, 1999).

need not be disclosed.[21] I can only conclude that what the plaintiff is really trying to do by asserting the disclosure claim is to prolong discovery in the hope of framing a new cause of action. In the absence of any factual assertion to support the claim either in the Complaint or in the brief, I find that the plaintiff fails to state a claim that the defendant directors breached the duty of disclosure.

## IV. CONCLUSION

For the reasons stated above, I find that plaintiff's complaint fails to state claims upon which relief might be granted and grant defendants' motion to dismiss. Defendants' motion to stay discovery need not be addressed.

**IT IS SO ORDERED.**

**21.** *Bershad v. Curtiss–Wright Corp.*, Del.Supr., 535 A.2d 840, 847 (1987) ("[e]fforts by public corporations to arrange mergers are immaterial under the *Rosenblatt v. Getty* standard, as a matter of law, until the firms have agreed on the price and structure of the transaction.").