■ WATERFRONT NY REALTY CORP., as Agent for WATERFRONT NY, Appellant, v FRED WEBER et al., Respondents. [721 NYS2d 519] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 8, 1999, which, to the extent appealed from, granted defendants summary judgment dismissing plaintiff's first through sixth causes of action and dismissing the tenth cause of action against all defendants except defendant Weber's W. 27th St. Corp., and denied plaintiff's motion for partial summary judgment on liability on its first cause of action as against defendants Fred Weber, Susan Weber and Tori Realty, unanimously affirmed, with one bill of costs.

We find no basis for holding any defendant other than the tenant of record liable for breach of the lease. There is no valid cause of action for tortious interference with the lease, since the Bronx real estate corporation, one of the alleged tortfea-

sors, is not a stranger to the contract (*see, Fisher v Maxwell Communications Corp.*, 205 AD2d 356, 358), and the other alleged tortfeasors, the individual defendants, acted in their official capacity as principals of the tenant (*see, Vardi v Mutual Life Ins. Co.*, 136 AD2d 453, 455). Further, economic self-interest is a defense to plaintiff's tortious interference claim, since there is no evidence of malice or fraudulent or illegal means (*see, MTI/The Image Group v Fox Studios E.*, 262 AD2d 20, 23-24). Even if we were to find that plaintiff reasonably relied on representations by defendants, the merger clause in the lease precludes claims based on those alleged representations (*see, Kindler v Newsweek, Inc.*, 277 AD2d 159). Further, the fraud claims must fail because there is no evidence that the individual defendants made the alleged representation with a then-present intent not to carry out the supposed promise (*see, Sone v Tsumura*, 222 AD2d 231, 232), or a then-present intent to deceive plaintiff (*see, Arias v Women in Need*, 274 AD2d 353, 354). Plaintiff's argument that this Court should convert purported subleases (the existence of which plaintiff denies) into de facto assignments for the purpose of creating new parties to the lease is made for the first time on appeal, and might have been factually countered if made before the motion court, and we have therefore not reached it (*see, Reliance Natl. Ins. Co. v Sapiens Intl. Corp.*, 243 AD2d 406). In any event, the claim is without merit. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.