| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| :--- | :--- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF FORSYTH | CIVIL ACTION NO: 01-CVS-5362 |

YVONNE B. WINTERS, NORMAN L.
MOORE, BELINDA. MOORE, and S.
DAVID WINTERS,

**Plaintiffs,**

v.

**ORDER and OPINION**

FIRST UNION CORPORATION, G.
KENNEDY THOMPSON, MARK C.
TREANOR, ROBERT P. KELLY, G. ALEX
BERNHARDT, SR., ERSKINE B. BOWLES,
ROBERT J. BROWN, A. DANO DAVIS,
RODDEY DOWD, SR., WILLIAM H.
GOODWIN, JR., HERBERT LOTMAN,
RADFORD D. LOVETT, MACKEY J.
MCDONALD, PATRICIA A. MCFATE,
JOSEPH NEUBAUER, RUTH G. SHAW, and
LANTY L. SMITH,

**Defendants.**

{1}     THIS MATTER comes to the Court on Defendants' (collectively, "First Union") Motion to Dismiss for failure to state a claim for which relief can be granted pursuant to N.C. R. Civ. P. 12(b)(6) and for failure to satisfy the statutory requirements for bringing a shareholder derivative action.   For the reasons set forth below, the Court GRANTS First Union's Motion to Dismiss.

> *Smith, James, Rowlett & Cohen, L.L.P., by Seth R. Cohen and Norman B. Smith, for Plaintiffs.*
> *Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr., for Individual Defendants.*
> *General Counsel for First Union Corporation, by Francis Charles Clark, for Defendant First Union Corporation.*

**I.**

{2}     This is a shareholders' derivative action brought on behalf of First Union, the nominal defendant, by plaintiff shareholders.  Plaintiffs seek to enjoin First Union from holding a shareholders' meeting to vote on a proposed merger of equals between First Union and Wachovia Corporation ("Wachovia").

{3}     On April 15, 2001, First Union and Wachovia entered into a merger agreement.  Subsequently, First Union scheduled a shareholders' meeting for July 31, 2001 in order for the shareholders to vote on the proposed merger.

{4}     On May 29, 2001, Plaintiffs made a demand on First Union directors to "abandon the proposed merger of First Union and Wachovia." (May 25, 2001 Demand Ltr.)  In their letter, Plaintiffs requested First Union respond within fifteen (15) days.  First Union has not responded to Plaintiffs' demand letter.

{5}     In the complaint, Plaintiffs provide as evidence of the board's breach of fiduciary duty in entering into the merger agreement the following:

1. 50 percent decrease in the value of First Union's stock since 1999;

2. decrease in dividend payout;

3. First Union's ill-fated acquisition of the Money Store;

4. layoffs in 1999;

5. troubled acquisition of Core States in 1999;

6. poor financial performance in 2000; and

7. poor current customer satisfaction.

{6}     In the amended complaint, Plaintiff alleges the merger agreement was entered into hastily as evidenced by First Union and Wachovia's agreement not to pursue a possible merger until the senior executives of both companies were in agreement on the project. That meeting between executives occurred on April 3, 2001, and the merger was announced on April 15, 2001.

{7}     Plaintiffs claim that First Union's financial advisors, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") lacked the objectivity to render advice due to the contingency fee agreement between the parties and that Merrill Lynch could not have adequately evaluated the proposed and implemented changes to the merger agreement after April 15, 2001.

## II.

{8}     When ruling on a motion to dismiss under Rule 12(b)(6), the court must determine "whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling on a motion to dismiss, the court must treat the factual allegations in the complaint as true. *See Hyde v. Abbott Lab., Inc.*, 123 N.C. App. 572, 473 S.E.2d 680, 682 (1996). The court must construe the complaint liberally and must not dismiss the complaint unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *See id.* When considering a motion under Rule 12(b)(6), the court is not required to accept as true any conclusions of law or unwarranted deductions of fact in the complaint. *Sutter v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). When the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the complaint should be dismissed under Rule 12(b)(6). *See Hudson Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 511 S.E.2d 309 (1999).

## III.

{9}     As a threshold matter, First Union asserts that Plaintiffs' suit is premature because ninety days have not yet passed since the demand was made by Plaintiffs that First Union not have the shareholder vote. Central to this issue is the application of N.C.G.S. § 55-7-42 (2000) which provides:

No shareholder may commence a derivative proceeding until:

1. A written demand has been made upon the corporation to take suitable action; and

2. 90 days have expired from the date the demand was made unless, prior to the expiration of the 90 days, the shareholder was notified that the corporation rejected the demand, or *unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period*. (emphasis added)

{10}     In this case, Plaintiffs failed to meet the statutory requirements by failing to wait the requisite 90 days for board action or alternatively failing to move the Court to shorten the 90-day waiting period before

filing this action.  *See Greene v. Shoemaker*, 1998 NCBC 4 at 19 (No. 97 CVS 2118, Wilkes County Super. Ct. September 24, 1998) (Tennille, J.).

{11}    As this Court has previously held:

> To hold that the filing of a complaint, which was itself subject to dismissal for failure to meet the demand requirement, can satisfy the demand requirement would defeat the purpose of the statute. The statutory scheme was designed to give the Board of Directors the opportunity and obligation to review the claims before the corporation was required to incur the fees and expenses associated with litigation.

*Id.* at 20.  The written demand and the imposition of the time period are both sides of the same coin. Together this structure is intended to provide the corporation with adequate time to react to a complaining shareholder without having the added pressures and expenses of pending litigation.

{12}    The statute does permit filing the complaint before the 90-day period expires upon a sufficient showing of irreparable harm.  In this case, Plaintiffs failed to sufficiently plead irreparable harm. Accordingly, the Court need not definitively address the procedure which would be followed if irreparable harm were sufficiently pled. [1]

{13}    In this case, the irreparable harm which Plaintiffs assert is the fact that the shareholders will be permitted to vote on what Plaintiffs believe is an irrational business decision by the board.[2]  Plaintiffs' counsel urged the Court to protect the shareholders of First Union from making the mistake of voting for the merger on the grounds that most shareholders simply vote for the recommendations of the incumbent directors.  The Court declines to attribute that characteristic to shareholders and holds that shareholders have an absolute statutory right to vote on this merger absent some showing of breach of fiduciary duty by the board.  Since there has not been a sufficient pleading of breach of fiduciary duty by the directors, there is not a sufficient pleading of irreparable harm.  It would cause irreparable injury to the shareholders to enjoin the vote.  If there are a sufficient number of shareholders who agree with Plaintiffs and Plaintiffs' expert, the merger will be defeated.  Additionally, Plaintiffs also have the right to engage in a proxy contest to defeat the merger.  In any event, the shareholders will get to exercise their ownership rights.

## IV.

{14}    For the reasons expressed below, Plaintiffs fail to sufficiently plead a breach of fiduciary duty claim.

{15}    As a threshold issue "all corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, its board of directors.  N.C.G.S. § 55-8-01(b).  The North Carolina statutes also provide that the board submit plans of merger or share exchange to the shareholders for vote.  N.C.G.S. § 55-11-03.  Thus, the decision to enter into a merger agreement is a decision for the board of directors that is subject to review under the business judgment rule.  *See Paramount Communications Inc. v. Time, Inc.,* 571 A.2d 1140, 1142 (1989).  The implications raised by deal protection measures in merger agreements is not at issue here.

{16}    North Carolina General Statute 55-8-30 provides that "[a] director is not liable for any action taken as a director, or any failure to take any action, if he performed the duties . . . . "[i]n good faith; (2) [w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) [i]n a manner he reasonably believes to be in the best            interests of the corporation." N.C.G.S. § 55-8-30 (a), (d) (1990) (amended 1993).  Additionally the statute states that "[t]he duties of a director weighing a change of control situation shall not be any different, nor the standard of care any higher, than otherwise provided in this section."  N.C.G.S. § 55-8-30 (d) (1990) (amended 1993).   This statute embodies but does not abrogate the common law of the business judgment rule.  *See State ex rel. Long  v. ILA Corp.,* 132 N.C. App. 587, 601, 513 S.E.2d 812, 821 (1999).

[The business judgment rule] operates primarily as a rule of evidence or judicial review and creates, first, an initial evidentiary presumption that in making a decision the directors acted with due care (i.e., on an informed basis) and in good faith in the honest belief that their action was in the best interest of the corporation, and second, absent rebuttal of the initial presumption, a powerful substantive presumption that a decision by a loyal and informed board will not be overturned by a court *unless it cannot be attributed to any rational business purpose.*

*Id.* at 602, 513 S.E.2d at 821-22 (emphasis added). "[T]he business judgment rule protects corporate directors from being judicially second-guessed when they exercise reasonable care and business judgment." *HAJMM Co. v. House of Raeford Farms*, 94 N.C. App. 1, 10, 379 S.E.2d 868, 873, *review on additional issues allowed*, 325 N.C. 271, 382 S.E.2d 439 (1989), *and modified, aff'd in part, rev'd in part on other grounds*, 328 N.C. 578, 403 S.E.2d 483 (1991).

{17} In order to survive a motion to dismiss, the complaint must allege, in other than conclusory terms, that the board was inattentive or uninformed, acted in bad faith or that the board's decision was unreasonable. In reviewing the complaint, the Court may consider the terms of the merger agreement being offered to the shareholders whether it is attached to the complaint or not. Absent specific allegations of bad faith or inattentiveness, the board's decision is entitled to a presumption of reasonableness and plaintiff must specifically plead facts which would overcome that presumption. At a minimum, "[t]o overcome the presumption of the business judgment rule, the burden is on the plaintiff to show the defendant directors failed to act (1) in good faith, (2) in the honest belief that the action taken was in the best interest of the company, or (3) on an informed basis." *Krim v. Pronet,* 744 A.2d 523, 527 (1999). If a plaintiff fails to meet the minimum requirements, the board's decision will be upheld "unless it cannot be attributed to any rational business purpose." *See State ex rel. Long v. ILA Corp.,* 132 N.C. App. 587, 602, 513 S.E.2d 812, 821-22 (1999).

{18} Plaintiffs' complaint fails to allege sufficient facts to overcome the presumption of the business judgment rule; there is no factual allegation that Defendants acted in self-interest, in bad faith, or that directors did not believe they were acting in the best interest of the company. The Plaintiff simply states the following conclusions of law:

> The proposal and recommendation of the individual defendants to defendant First Union Corporation that it merge with Wachovia Corporation, was a breach of the fiduciary duty to the individual defendants and to defendant First Union Corporation, in that the proposed merger is not in the best interest of the corporation; and exceeded the permissible scope of the business judgment of the individual defendants, since the merger cannot be attributed to any rational business purpose, the proposal and recommendation was not made with reasonable and due care, and the individual defendants lacked adequate preparation, complete available information, analysis, and competent and independent financial and legal advice that would lead to a responsible decision.

(Pl. Compl. at 27). These conclusions of law are not taken as true in determining a 12(b)(6) motion. *See Sutter v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). Plaintiffs did amend their complaint to add additional allegations with respect to the informed basis of the board's decision.

{19} Plaintiffs' contention that First Union only devoted six days to extensive due diligence is not sufficient to overcome the presumption that the board acted in an informed manner. While time may be a factor in alleging a board could not have sufficiently considered a merger deal, in this case the proxy materials referred to in Plaintiffs' complaint indicate that First Union and Wachovia had been in negotiations since September 2000. Thus, the six days to which Plaintiffs refer is not indicative of the actual time the proposed transaction had been under consideration.

{20} Nor is the contingency fee agreement between Merrill Lynch and First Union evidence that the

information provided by Merrill Lynch on the advisability of the merger was inaccurate or insufficient. Plaintiff concedes the amount of the fees are not out of the ordinary. Contingency fees for this type of work are a regular business practice and benefit the corporation if the deal is not completed. Additionally, as a practical matter, in an advisory capacity, the viability of firms such as Merrill Lynch depend on the strength of their reputation. It would be incongruous for Merrill Lynch to provide such inaccurate or incomplete high profile advice. Thus, Plaintiffs have failed to allege facts sufficient to meet their burden of establishing an uninformed vote and have not contested the other grounds for the breach of duty of care.

{21}   Having failed to allege facts sufficient to overcome the first prong of the business judgment rule, Plaintiffs assert that they have alleged facts sufficient to establish the decision cannot be attributed to any rational business purpose.

{22}   Plaintiffs attempt to offer as evidence of the unreasonableness of the board's action an expert opinion stating the inadequacies of First Union in handling a previous merger of this size and other management ineptitude. The business judgment rule does not test whether there is an expert, no matter how qualified, who opines that the board acted unreasonably, but instead the rule asks whether or not there is a rational business purpose for the board's decision. Not only will the Court refrain from unnecessarily substituting its judgment for that of the board, it also will not allow Plaintiffs' expert to substitute its judgment for that of the board. To determine the reasonableness of the transaction, a court can simply look at the transaction contemplated and, in this case, the proxy materials referred to in the complaint, to determine whether or not there is a rational purpose for the board's decision. There can be no doubt in this case that a rational business purpose existed for the merger. The wisdom of that decision is not the test.

{23}   In an industry that is consolidating the merger of two regional banks makes sense. This transaction was approved not only by the First Union directors, but also by the Wachovia directors. Wachovia is also being pursued by at least one other bank. Additionally, the Court can take judicial notice of the fact that the financial market has not responded to the proposed merger in a way that would indicate that the investment community believes the merger to be an irrational transaction. Plaintiffs' expert attacks only the potential risks of the merger, risks that are inherent in any proposed business combination. His opinion does not assert that the board lacked any rational reasons for the merger but only that he believes the board's decision irrational.   The decision of the board passes the rationality test, and the wisdom of the board's decision is for the shareholders to decide.

{24}   Besides the above conclusory allegations, the complaint lists a number of past events as evidence of the board's breach of fiduciary duty in the current merger. In relation to the proposed merger between First Union and Wachovia (the business judgment Plaintiffs challenge), these past events are neither evidence of bad faith, lack of informed decision making, nor indication that the directors have not acted in the best interest of the company. Thus, Plaintiffs have completely failed to plead facts which overcome the presumptions that the directors acted in good faith, were adequately informed and acted in the best interests of the company with respect to the merger agreement. Nor have Plaintiffs pled facts that show there was no rational basis for the board's decision.

{25}   In considering the motion to dismiss, the Court grants Plaintiffs' Motion to Amend Complaint. The Court does not rule on the Motion to Shorten Time in light of its ruling on the motion to dismiss, nor is it necessary to convert this to a motion for summary judgment. Were the Court to consider Plaintiffs' expert affidavit pursuant to a summary judgment proceeding, it still would not negate the existence of rational reasons for the board's decision. The Court further notes that it has some concerns about the sufficiency of the demand made on the directors; it asked only that the board abandon the merger, a demand that would require the board to breach its agreement with Wachovia and subject First Union to substantial liability. Except for this request, the Demand Letter neither contained a request for specific action nor the prosecution of any action. For the foregoing reasons, First Union's Motion to Dismiss is GRANTED.

Therefore, it is hereby **ORDERED, ADJUDGED** and **DECREED** that this action be dismissed with prejudice.

This is the 12th day of July  2001.

> The Honorable Ben F. Tennille
> Special Superior Court Judge
> for Complex Business Cases

---

1 The Court agrees that the statute is deficient in providing guidance to a shareholder with respect to the proper procedure in requesting a shortening of time.   It seems logical when reading the entire statutory scheme that where a plaintiff adequately pleads irreparable harm to the corporation, either the corporation or the plaintiff could move to shorten the board's time to consider the action and the court would enter the stay contemplated by N.C.G.S. § 55-7-43.

[2] Plaintiffs have filed an affidavit from an expert stating his opinion that the First Union board's decision was irrational.