■ SEA CREST CONSTRUCTION CORP., Plaintiff, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) (Action No. 1.) LA SALA MASON CORP., Respondent-Appellant, v SEA CREST CONSTRUCTION CORP. et al., Appellants-Respondents. (Action No. 2.) [730 NYS2d 332] —Order, Supreme Court, New York County (Barry Cozier, J.), entered December 12, 2000, which, to the extent appealed and cross-appealed from, denied defendant contractor's motion for partial summary judgment dismissing plaintiff subcontractor's second, portions of its third,

and fourth causes of action in its amended complaint, and denied that portion of plaintiff subcontractor's motion to amend to add the City of New York as a defendant and assert against it a cause of action for tortious interference with contractual relations, unanimously affirmed, without costs.

In these consolidated actions arising from the performance of a public improvement contract, in which the masonry subcontractor seeks to recover from its prime contractor damages for delays allegedly incurred during the course of its performance, the motion court correctly determined that there are triable issues of fact with respect to the cause and nature of the claimed delays. Generally, "absent a contractual commitment to the contrary, a prime contractor is not responsible for delays that its subcontractor may incur unless those delays are caused by some agency or circumstance under the prime contractor's direction or control" (*Triangle Sheet Metal Works v Merritt & Co.*, 79 NY2d 801, 802). While we agree with appellant prime contractor that the claims set forth in the subcontractor's second cause of action seek recovery for delay damages, rather than for extra work, there are triable issues of fact as to whether the delays caused by the City were a substantial contributing cause of the delay for the amount of time claimed and, as a consequence, the corresponding amount of damages sought. It is therefore unnecessary to address the subcontractor's argument that its prime contractor implicitly agreed to pay for the subcontractor's delays, regardless of their cause. We note, however, that such argument is ordinarily unavailing (*see, Bovis Lend Lease LMB v GCT Venture*, 285 AD2d 68).

The subcontractor's motion for leave to add a cause of action for tortious interference against the City was properly denied on the ground that the proposed amendment was insufficient as a matter of law (*see, Daniels v Empire-Orr, Inc.*, 151 AD2d 370). The City, as an intended third-party beneficiary of the subcontract (*see, City of New York v Kalisch-Jarcho, Inc.*, 161 AD2d 252), cannot be held liable for interfering with such agreement (*see, e.g., Waterfront NY Realty Corp. v Weber*, 281 AD2d 180; *MTI/The Image Group v Fox Studios E.*, 262 AD2d 20). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.