■ DAVID FISCHER et al., Appellants-Respondents, v CHEVRA MACHZIKET H'SHECHUNA, INC., et al., Respondents-Appellants, et al., Defendant. [743 NYS2d 716] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about June 29, 2001, which granted defendants' motion for summary judgment to the extent of dismissing the complaint for malicious prosecution as against defendants Israel Weinstock, Peter Joseph, and the law firm of Weinstock, Joseph, Klatsky, Nisonoff & Schwartz, LLP (the attorney defendants), but which denied the motion insofar as relief was sought by defendants Chevra Machziket H'Shechuna, Inc., Samuel Malamud, Joseph

Speilman and Zalman Deitsch, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 16, 2001, which denied defendants' motion for reargument of that portion of their summary judgment motion that was denied in the June 29, 2001 order, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

The complaint for malicious prosecution was properly dismissed as against the attorney defendants since no triable issue was raised as to whether those defendants acted out of malice when they initiated and prosecuted the underlying RICO and state law claims against plaintiffs. There is no evidence that the attorney defendants, in pressing their clients' claims against plaintiffs, overstepped the bounds of zealous representation (*see, Honzawa v Honzawa*, 268 AD2d 327, 330-331).

Summary judgment was, however, properly denied insofar as sought by the remaining, nonattorney defendants. Contrary to defendants' contention, the necessary element of a malicious prosecution claim, that the underlying action be concluded on the merits in the plaintiff's favor (*see, Colon v City of New York*, 60 NY2d 78, 82), is not wanting, plaintiffs having successfully obtained the dismissal on the merits of both the RICO and state law claims asserted by defendants against them in the underlying litigation. Nor, in view of the years of litigation between the parties, the long history of bitter relations between them and the meritless nature of the underlying litigation, is it clear as a matter of law that the complaint against them is deficient for lack of proof that the subject litigation by defendants against plaintiffs was motivated by malice (*see, Munoz v City of New York*, 18 NY2d 6). Defendants' remaining contention, that the individual defendants may not be sued in their personal capacity, is raised for the first time on appeal and we decline to reach it (*see, Waterfront NY Realty Corp. v Weber*, 281 AD2d 180). Concur—Saxe, J.P., Sullivan, Lerner and Rubin, JJ.