Matter of Baltic Trading Stockholders Litig. (2018 NY Slip Op 02905)





Matter of Baltic Trading Stockholders Litig.


2018 NY Slip Op 02905


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6398 651241/15

[*1]In re Baltic Trading Stockholders Litigation
Justin Wilson, et al., Plaintiffs-Appellants,
v
Baltic Trading, Ltd. et al., Defendants-Respondents.


Milberg Tadler Phillips Grossman LLP, New York (Kent A. Bronson of counsel), for appellants.
Arnold & Porter Kaye Scholer LLP, New York (Aaron Rubinstein of counsel), for Baltic Trading Ltd., Basil G. Mavroleon, Harry A. Perrin, Edward Terino and George Wood, respondents.
Kramer Levin Naftalis & Frankel LLP, New York (Alan R. Friedman of counsel), for Peter C. Georgiopoulos, respondent.
Milbank, Tweed, Hadley & McCloy LLP, New York (Alan J. Stone of counsel), for Genco Shipping & Trading Ltd. and Poseidon Merger Sub Ltd., respondents.



Appeal from order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 31, 2016, which granted defendants' motion to dismiss the first consolidated amended class action complaint, deemed appeal from judgment, same court and Justice, entered September 16, 2016 (CPLR 5520[c]), dismissing the complaint, and, so considered, said judgment unanimously affirmed, with costs.
Plaintiffs allege that defendant Genco Shipping & Trading Ltd., the controlling shareholder of defendant Baltic Trading Ltd., acquired the minority interest in Baltic (the merger) for inadequate consideration. They assert breach of fiduciary duty against Genco and the Baltic Special Committee formed to consider the merger.
Plaintiffs contend that this merger between a controlling stockholder and its corporate subsidiary should be evaluated under the heightened "entire fairness" standard rather than the business judgment rule, because defendants cannot satisfy the requirements laid down in Kahn v M & F Worldwide Corp. (88 A3d 635, 644-645 [Del 2014]) (MFW ) for the business judgment rule to apply. One of these requirements is that "the controller conditions the procession of the transaction on the approval of both a Special Committee and a majority of the minority stockholders" (id. at 645). Plaintiffs argue that Genco did not condition its acquisition of the portion of Baltic that it did not already own on the approval of a special committee. However, they did not make this argument before the motion court, and since the argument might have been factually countered if made at that stage, we will not consider it (see Waterfront NY Realty Corp. v Weber , 281 AD2d 180, 181 [1st Dept 2001]).
Relying on footnote 14 in MFW (88 A3d at 645), plaintiffs contend that their complaint should survive a motion to dismiss because it sufficiently alleges that the price paid by Genco was inadequate. However, "[i]t is not enough to argue that the financial press published objections to the adequacy of the sale price" (Miramar Firefighters Pension Fund v AboveNet, Inc. , 2013 WL 4033905, *4, 2013 Del Ch LEXIS 200, *13 [July 31, 2013, C.A. No. 7376-VCN] [internal quotation marks and some brackets omitted]). "There is no rule that a low premium represents a bad deal, much less bad faith" (In re MeadWestvaco Stockholders Litig. , 168 A3d 675, 687 [Del Ch 2017] [internal quotation marks omitted]).
The second MFW requirement for business judgment review is that "the Special Committee is independent" (88 A3d at 645). Plaintiffs' allegation that Special Committee member Edward Terino was not independent due to his business deal with defendant Peter C. Georgiopoulos (the chairman of both Genco and Baltic) seven years before the merger at issue is insufficient (see MFW , 88 A3d at 647, 649).
The fact that Baltic Special Committee member Harry A. Perrin was a Genco director along with Georgiopoulos, Terino, and defendant Basil G. Mavroleon from August 2005 to July 2014 and sat with those persons on Baltic's board from 2010 does not show that he was not independent (see e.g. Kahn v Caporella , 1994 WL 89016, *1, 7, 1994 Del Ch LEXIS 29, *2-3, 21 [March 10, 1994, C.A. No. 13248] [fact that member of Special Committee used to be member of parent's board did not mean he was not independent]; In re BJ's Wholesale Club, Inc. Shareholders Litig. , 2013 WL 396202, *1-2, 6 n 63, 2013 Del Ch LEXIS 28, *4, 6, 22 n 63 [Jan. 31, 2013, C.A. No. 6623-VCN] [allegation that chair of Special Committee had nearly 20 years of board service alongside an interested director did not raise reasonable doubt as to chair's independence]).
The fact that Special Committee member Mavroleon was a Genco director from July 2005 to July 2014 is a mere allegation of friendliness and past business relationship, which is insufficient (see MFW , 88 A3d at 649; see also Caporella , 1994 WL 89016, 1994 Del Ch LEXIS 29; BJ's , 2013 WL 396202, 2013 Del Ch LEXIS 28, supra ). The fact that he became a Genco director after the merger does not create a conflict of interest between him and the other Baltic shareholders (see Krim v ProNet, Inc. , 744 A2d 523, 525, 528 and n 16 [Del Ch 1999]). The fact that Baltic considered using Mavroleon's company as the broker for the sale of two vessels in connection with the merger but ultimately used another broker does not mean that he was not independent (see Lichtenberg v Zinn , 260 AD2d 741, 743 [3d Dept 1999], lv denied 94 NY2d 754 [1999]). Even if Baltic used Mavroleon's company for a different vessel transaction, plaintiffs have made no nonconclusory allegations of materiality (see e.g. MFW , 88 A3d at 649; In re General Motors [Hughes] Shareholder Litig. , 2005 WL 1089021, *1 and n 7, *8-9, 2005 Del Ch LEXIS 65, *5 and n 7, *31-32, *38 [May 4, 2005, No. Civ. A. 20269], affd 897 A2d 162 [Del 2006]).
Finally, plaintiffs allege that Special Committee member George Wood was negotiating a multi-million-dollar, non-merger-related deal with nonparty James Dolphin, the Genco director who was negotiating the merger with Baltic. However, they fail to make nonconclusory allegations of materiality (see MFW , 88 A3d at 649; General Motors , 2005 WL 1089021, 2005 Del Ch LEXIS 65, supra ).
The third MFW requirement for business judgment review is that "the Special Committee is empowered to freely select its own advisors and say no definitively" (88 A3d at 645). Baltic's Special Committee satisfied this condition.
The fourth MFW requirement is that "the Special Committee meets its duty of care in negotiating a fair price" (id. ). To establish that the committee did not meet this duty, the complaint must allege facts from which it can reasonably be inferred that the directors were grossly negligent (In re Books-A-Million, Inc. Shareholders Litig. , 2016 WL 5874974, *17, 2016 Del Ch LEXIS 154, *60 [Oct. 10, 2016, C.A. No. 11343-VCL], affd 164 A3d 56 [Del 2017]). Plaintiffs did not meet this "very tough standard," which "is only satisfied by conduct that . . . requires recklessness" (Swomley v Schlecht , 2014 WL 4470947 [Del Ch, Aug. 27, 2014, No. 9355-VCL], affd 128 A3d 992 [Del 2015]; see also Martha Stewart , 2017 WL 3568089 at *23, 2017 Del Ch LEXIS 151 at *61-62).
The fifth MFW requirement for business judgment review is that "the vote of the minority is informed" (88 A3d at 645). The proxy statement disclosed that one of the Baltic Special Committee's financial advisors had previously done work for Genco. It also disclosed the Special Committee members' ties to Genco. Plaintiffs' contention that the proxy does not contain enough information about the analysis of the Special Committee's other financial advisor is unavailing (see e.g. General Motors , 2005 WL 1089021 at *16, 2005 Del Ch LEXIS 65 at *65; In re Saba Software, Inc. Stockholder Litig. , 2017 WL 1201108, *10-11, 2017 Del Ch LEXIS 52, *29-33 [March 31, 2017, C.A. No. 10697-VCS]; In re BioClinica, Inc. Shareholder Litig. , 2013 [*2]WL 5631233, *9, 2013 Del Ch LEXIS 250, *34-35 [Oct. 16, 2013, Civil Action No. 8272-VCG]).
The sixth MFW requirement is that "there is no coercion of the minority" (88 A3d at 645). Plaintiffs contend that the minority (i.e., Baltic shareholders other than Genco) was coerced because it included large Baltic shareholders that were also among the largest Genco shareholders, and one of those shareholders had agreed to vote for the merger. This argument is unavailing (see In re Synthes, Inc. Shareholder Litig. , 50 A3d 1022, 1048 n 119 [Del Ch 2012] ["voting agreement locking up 27% of the vote in favor of the proposed merger . . . did not appear impermissibly coercive"]; Gradient OC Master, Ltd. v NBC Universal, Inc. , 930 A2d 104, 120-121 [Del Ch 2007] ["Accurately disclosing circumstances or realities surrounding a recapitalization plan, such as informing shareholders that the majority shareholder will approve the transaction (thus making the recapitalization virtually assured) is not actionably coercive"], appeal refused 930 A2d 928 [Del 2007]).
In any event, a post-MFW case that was affirmed by the Delaware Supreme Court said, "The question on coercion is whether you can vote down a deal and keep the status quo" (Swomley , 2014 WL 4470947). The Baltic shareholders had this option.
Since the MFW requirements have been satisfied, and plaintiffs have not pleaded a claim of waste (see Martha Stewart , 2017 WL 3568089 at *2, 2017 Del Ch LEXIS 151 at *5), the court correctly dismissed the first and second causes of action (breach of fiduciary duty against the Baltic Special Committee and Genco, respectively). The third cause of action (aiding and abetting the Special Committee's alleged breaches of fiduciary duty) was correctly dismissed due to the lack of an underlying breach of fiduciary duty (see e.g. KKR Fin. Holdings LLC Shareholder Litig. , 101 A3d 980, 1003 [Del Ch 2014], affd sub nom. Corwin v KKR Fin. Holdings LLC , 125 A3d 304 [Del 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK