Greystone Bldg. & Dev. Corp. v Makro Gen. Contrs., Inc. (2020 NY Slip Op 01584)





Greystone Bldg. & Dev. Corp. v Makro Gen. Contrs., Inc.


2020 NY Slip Op 01584


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11235 450271/16

[*1] Greystone Building & Development Corp., Plaintiff-Appellant,
v
Makro General Contractors, Inc., et al., Defendants-Respondents, The New York City Transit Authority, Defendant.


Flanagan Law, PLLC, New York (Richard J. Flanagan of counsel), for appellant.
Peckar & Abramson, P.C., New York (Howard M. Rosen of counsel), for respondents.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about December 10, 2018, which denied plaintiff's motion for summary judgment, and granted defendants Makro General Contractors, Inc. and Hercules Argyriou's motion to dismiss the complaint as against them, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.
Summary judgment in plaintiff's favor on its claim for payment for work performed is precluded by issues of fact as to the portion of the contract that was performed and the portion that was deleted (see e.g. F. Garofalo Elec. Co. v New York Univ., 300 AD2d 186, 189 [1st Dept 2002]; Sea Crest Constr. Corp. v City of New York, 286 AD2d 652 [1st Dept 2001]).
Defendants are not entitled to dismissal of the complaint on the ground that the action was commenced outside the one-year period of limitations contained in the subcontract between defendant Makro and plaintiff for claims arising out of the subcontract. While there is nothing inherently unreasonable about the one-year limitations period, it is unenforceable under the circumstances of this case (see AWI Sec. & Investigations, Inc. v Whitestone Constr. Corp., 164 AD3d 43, 47 [1st Dept 2018]; D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924 [2d Dept 2018]). After work commenced, a certain portion of the subcontracted work became impracticable, and deletions and change orders were made to Makro's prime contract with defendant New York City Transit Authority (NYCTA) and, by extension, the subcontract. Although, according to plaintiff's principal (additional defendant on counterclaim Theodore Melittas), plaintiff's work was substantially completed in September of 2013, negotiations among NYCTA, Makro and plaintiff over the value of the credit for the deleted work proceeded until September of 2015. However, under the subcontract, plaintiff was not entitled to final payment until NYCTA paid Makro. Thus, the one-year limitation period had run before the final negotiations were complete, i.e., before NYCTA would have paid Makro (see Executive Plaza, [*2]LLC v Peerless Ins. Co., 22 NY3d 511, 518 [2014] ["A limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK